(No. 3270—

METROPOLITAN ELECTRICAL SUPPLY COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1938.*

J. B. LUSE, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

From the stipulation of facts herein it appears:

1. That on or about the 16th day of July, A. D. 1935, the claimant delivered to the respondent at the Chicago State Hospital, Chicago, Illinois, certain merchandise of the value

of Twenty-eight Dollars and Sixteen Cents ($28.16), pursuant to a certain purchase order issued by the proper officer of said Chicago State Hospital.

2. That on September 6th, 1935, the managing officer of said Chicago State Hospital requested claimant to forward invoice in triplicate by return mail, but same was not received until December 7th, 1935, at which time the appropriation for the 1933-1935 biennium, out of which the bill should have been paid, had lapsed, and claimant was advised to file its claim in this court.

At the time of the issuance of such purchase order, and at the time of the delivery of the merchandise in question, there were sufficient funds remaining unexpended in the proper appropriation to pay for the same.

We have held in numerous cases that where materials or supplies have been properly furnished to the State, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, without any fault or neglect on the part of the claimant, an award for the reasonable value of such materials or supplies will be made, where at the time the expenses were incurred there were sufficient funds remaining unexpended in the appropriation to pay for the same. *Rock Island Sand & Gravel Co.* vs. *State*, 8 C. C. R. 165; *Indian Motorcycle Co.* vs. *State*, 9 C. C. R. 526; *Wabash Telephone Co.* vs. *State*, No. 3105, decided at the January Term, 1938, of this court; *Goodyear Tire & Rubber Co.* vs. *State*, No. 3155, decided at the March Term, 1938, of this court.

This claim comes within the requirements above set forth, and award is therefore entered in favor of the claimant for the sum of Twenty-eight Dollars and Sixteen Cents ($28.16).